**Petrus Daniel SOMPOTAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–73183.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 20, 2008.

Kaaren L. Barr, Seattle, WA, for Petitioner.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John M. McAdams, Jr., Jeffrey L. Menkin, Nairi M. Simonian, Michelle Gorden Latour, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

### MEMORANDUM **

Petrus Daniel Sompotan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Sompotan bases his asylum claim on a fear of future persecution, not on a showing of past persecution. Substantial evidence supports the IJ's finding that Sompotan failed to demonstrate a well-founded fear of future persecution because, even if the disfavored group analysis applied to westernized Indonesian Christians, he did not demonstrate the requisite individual-

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ized risk of persecution. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004). Additionally, the record does not compel the conclusion that the strife in Indonesia amounts to a pattern or practice of persecution against Christian Indonesians. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc).

Because Sompotan failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the IJ's determination that Sompotan is not entitled to CAT relief because he failed to demonstrate that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.